# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| KEVIN LANGEN, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>CRESCENT CONSULTING, LLC,<br><br>             Defendant. | **Case No. 5:18-cv-541**<br><br><br>**FLSA Collective Action** |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Kevin Langen (Langen) brings this collective action against Crescent Consulting, LLC (Crescent) to recover the unpaid overtime wages owed to Crescent's workers under the Fair Labor Standards Act (FLSA).

2.      Langen and the other workers like him regularly worked for Crescent for more than 40 hours each week.

3.      Crescent improperly classified Langen and those similarly situated to him as independent contractors and paid them a day rate with no overtime compensation.

4.      Crescent's practice violates the overtime requirements of the FLSA.

### JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      Venue is proper under 28 U.S.C. § 1391 (b).

7.      Crescent conducts substantial business in this District and Division.

8.      Langen performed work for Crescent in Dimmit County, Texas, which is located in this District and Division.

9.      Langen is a resident of New Braunfels, Texas, which is located in this District and Division.

## PARTIES

10.     Langen was employed by Crescent from approximately September 2015 to November 2017. His written consent is attached as Exhibit A.

11.     Throughout his employment, Crescent paid Langen a daily rate with no overtime compensation and classified him as an independent contractor.

12.     Crescent was Langen's employer for the purposes of the FLSA.

13.     For example, Crescent dictated Langen's rate of pay.

14.     Crescent set Langen's schedule.

15.     Crescent decided Langen's work locations.

16.     Crescent required Langen to follow its policies and procedures

17.     Crescent directly and/or indirectly prevented Langen from working for other employers while working for Crescent.

18.     Crescent precluded Langen from subcontracting his work for Crescent.

19.     Langen did not provide unique services indicative of a third-party contractor.

20.     Langen was a Flowback Coordinator for Crescent.

21.     Langen typically worked 12 days on and 2 days off.

22.     In a standard two-week period, Langen worked at least 84 hours in one week, and at least 60 hours in the other week.

23.     Langen brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid under Crescent's day rate system.

24.     Crescent paid each of these workers a daily rate and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

25.     The FLSA Class was subjected to the same FLSA violations as Langen and is properly defined as:

> **All workers who provided services to or on behalf of Crescent during the past 3 years who were classified as independent contractors and paid on a day rate basis (the "FLSA Class").**

The members of the FLSA Class are easily ascertainable from Crescent's business records, particularly its personnel records.

26.     **Crescent Consulting, LLC** is headquartered in Oklahoma City, Oklahoma. may be served by serving its registered agent for service of process, **Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.**

### FLSA COVERAGE

27.     Crescent is an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

28.     Crescent is a covered enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

29.     Crescent's annual revenues of more than $5,000,000 per year far exceed the minimum ($500,000) required for coverage under the FLSA.

30.     Crescent's employees regularly use hand tools, oilfield equipment, telephones, and other goods or materials that have moved in, or were produced for, commerce.

31.     Crescent treated Langen and the FLSA Class as employees.

32.     Crescent's misclassification of Langen and the FLSA Class as independent contractors does not alter its status as their employer for purposes of this FLSA collective action.

## FACTUAL ALLEGATIONS

33.     Crescent is an oil and gas exploration and production company operating worldwide and throughout the United States, including in Texas and Oklahoma.

34.     In order to provide a part of these services to the oil and gas industry, Crescent hires workers.

35.     Crescent pays many of its workers on a day rate basis and classifies them as independent contractors.

36.     For more than 2 years, Langen was one of these workers.

37.     Langen and the FLSA Class worked for Crescent under this pay scheme throughout the United States, including this District and Division.

38.     Langen and the FLSA Class did not receive a salary.

39.     If Langen and the FLSA Class did not work on a particular day, they did not get paid for that day.

40.     Langen and the FLSA Class worked for Crescent in the oilfield.

41.     Langen and the FLSA Class received a daily rate and were classified as independent contractors.

42.     Langen and the FLSA Class received the day rate regardless of the number of hours they worked in excess of 40 hours in a work week.

43.     Langen and the FLSA Class often worked seven days a week.

44.     Langen and the FLSA Class worked a minimum of twelve hours a day.

45.     Langen and the FLSA Class often worked the same schedule.

46.     Langen and the FLSA Class' pay fluctuated in lockstep with the number of days worked in a pay period.

47.     Langen and the FLSA Class were paid their day rate times the number of days they worked in a week.

48.     Langen and the FLSA Class did not receive overtime pay.

49.     Langen and the FLSA Class pay depended on the quantity of work they performed (specifically the number of days worked in a week).

50.     Langen and the FLSA Class are subjected to the same or similar pay practices for similar work.

51.     The work performed by Langen and the FLSA Class was part of the usual course of Crescent's business, which was to provide well site supervision and project management.

52.     Langen and the FLSA Class rely on Crescent for work and compensation.

53.     Langen and the FLSA Class are not permitted by Crescent to subcontract out the work Crescent assigns to them.

54.     Langen and the FLSA Class work in accordance with the schedule set by Crescent and its clients.

55.     Langen and the FLSA Class must follow Crescent's policies and procedures.

56.     Langen and the FLSA Class' work must adhere to the quality standards put in place by Crescent and its clients.

57.     Langen and the FLSA Class did not make substantial capital investments in the tools required to complete the jobs to which they were assigned.

58.     Langen and the FLSA Class were economically dependent on Crescent during their employment.

59.     Langen and the FLSA Class did not market their services while employed by Crescent.

60.     Langen and the FLSA Class worked exclusively for Crescent and Crescent's clients.

61.    Langen and the FLSA Class did not incur operating expenses like rent, payroll, marketing, and insurance.

62.    Crescent determined Langen's and the FLSA Class' opportunity for profit or loss.

63.    Crescent set Langen and the FLSA Class' rates of pay.

64.    Crescent required Langen and the FLSA Class to work substantial overtime without overtime compensation.

65.    Crescent is well aware of the overtime requirements of the FLSA.

66.    Crescent knows employees are entitled to overtime pay for hours worked in excess of 40 in a workweek.

67.    Crescent is a repeat offender of the FLSA.

68.    The Department of Labor's Wage and Hour Division found Crescent violated the FLSA with respect to dozens of employees.

69.    Nonetheless, Crescent failed to pay Langen and the FLSA Class overtime for those hours exceeding 40 in a workweek.

70.    Crescent's policy of classifying Langen and the FLSA Class as independent contractors and failing to pay them overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

### COLLECTIVE ACTION ALLEGATIONS

71.    Langen brings this claim under the FLSA as a collective action.

72.    The FLSA Class are similarly situated in relevant respects.

73.    Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

74.    Langen and the FLSA Class are all entitled to overtime after 40 hours in a week for the same reasons.

75.     The overtime owed to Langen and the FLSA Class will be calculated using the same records and the same formula.

76.     Crescent employed a substantial number of employees like Langen in the United States during the past 3 years.

77.     Langen and the FLSA Class are geographically disbursed, residing and working in states across the county.

78.     Because these workers do not have fixed work locations, these individuals may work in different states across the country during a given year.

79.     Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and Crescent would retain the proceeds of its violation of the FLSA.

80.     Individual litigation would be unduly burdensome to the judicial system.

81.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

82.     Langen and the FLSA Class are similarly situated within the meaning of 29 U.S.C. § 216(b).

## CAUSE OF ACTION

### Violation of the FLSA

83.     Langen incorporates the preceding paragraphs by reference.

84.     As set forth herein, Crescent has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

85.     Crescent knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation.

86.    Crescent's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

87.    Crescent's failure to pay Langen and the FLSA Class overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

88.    Accordingly, Langen and the FLSA Class are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

<strong>JURY DEMAND</strong>

89.    Langen demands a trial by jury.

<strong>PRAYER</strong>

WHEREFORE, Langen prays for:

    a.    An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Class to permit them to join this action by filing a written notice of consent;

    b.    A judgment against Crescent awarding Langen and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c.    An order awarding attorney fees, costs, and expenses;

    d.    Pre- and post-judgment interest at the highest applicable rates; and

    e.    Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Richard M. Schreiber**
    State Bar No. 24056278
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    rschreiber@mybackwages.com

    AND

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**